**THE WILLIAM H. BUCKMAN LAW FIRM**
Attorneys at Law
Moorestown Office Center
110 Marter Avenue, Suite 209
Moorestown, NJ 08057
(856) 608-9797
Attorneys for Plaintiff, Charles Tyson

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHARLES TYSON,<br><br>     Plaintiff,<br><br>   v.<br><br>SOUTH HARRISON TOWNSHIP<br>THROUGH ITS POLICE DEPARTMENT;<br>WARREN MABEY; SEAN DALTON;<br>JOHN PORTER; AND NICHOLAS<br>BARBETTA,<br><br>     Defendant. | Docket No.:<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Charles Tyson, a resident of South Harrison Township, Gloucester County, New Jersey, by way of Complaint against the Defendants, says:

### INTRODUCTION

Plaintiff, Charles Tyson, was the first African American mayor of South Harrison Township, a small town in Southern New Jersey. Ironically, in the very year that this nation elected its first African American president, Charles Tyson was subjected

to racial hatred, racially based threats and indignities that other mayors in South Harrison or other towns, have not received. This Complaint addresses a portion of the indignities and offenses Mayor Tyson had to endure.

**JURISDICTION**

1. This Court has jurisdiction over Plaintiff's federal civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**PARTIES**

2. Plaintiff, Charles Tyson, is the former mayor of South Harrison Township, in the county of Gloucester.

3. Defendants, Sean Dalton and John Porter, are members of the Gloucester County Prosecutor's Office.  Dalton being the Gloucester County Prosecutor and Porter being a Captain of Detectives.

4. Defendant, Warren Mabey, is a police officer employed by the Township of South Harrison.

5. The Township of South Harrison is the jural entity that governs the Township of South Harrison.

6. Defendant, Nicholas Barbetta, is a police officer employed by the Township of South Harrison.

**FACTS**

7. On or about January 1, 2007, Charles Tyson became Mayor of South Harrison Township.

8. Plaintiff, Charles Tyson, was the first African American mayor of South Harrison Township.

9. Charles Tyson, during and after his tenure as mayor of South Harrison Township, has been the victim of racially motivated acts of harassment and violence, as well as civil rights violations.

10. As a result of the harassment heaped against Plaintiff Tyson, Tyson resigned as mayor at the urging of his family for his well being.

11. Defendant, Barbetta, was a provisional police officer hired by South Harrison Township.  Barbetta was hired on or about October 27, 2006.

12. Defendant, Barbetta, had questionable qualifications during his initial probationary period.  In his official capacity, Plaintiff, Charles Tyson, as mayor, voted at a council meeting to extend Barbetta's probationary period as a South Harrison police official on or about September 10, 2008.

13. On or about September 30, 2008, Defendant Barbetta was on duty purportedly on a protection detail at Mayor Tyson's home because of threats Mayor Tyson had received.

14. While present on Mayor Tyson's premises, Plaintiff Tyson

attempted to speak with Defendant Barbetta.

15. In response to Plaintiff Tyson's words, Defendant Barbetta struck Plaintiff Tyson, pushing Plaintiff Tyson away from the person of Defendant Barbetta, and refused to talk to Plaintiff Tyson.

16. Despite the outrageous nature of a rookie patrolman striking the mayor of a town, the Township of South Harrison Police Department refused to administratively investigate or in other ways discipline Defendant Barbetta, thus leaving Plaintiff Tyson feeling, and in fact, in a more vulnerable position because of the threats that had been leveled against him.

17. Plaintiff Tyson appealed to the County Prosecutor's Office where Defendants Dalton and Porter further refused to investigate or in any manner disciple Barbetta.

18. The actions of Defendants Dalton and Porter are corroborated by the fact that they have been loathe during their tenure to investigate and/or rein in acts of racial violence in the County of Gloucester.

19. Although Defendants Dalton and Porter refused to discipline Defendant Barbetta in any fashion, they arranged for a complaint of simple assault against Defendant Barbetta to be transferred to Salem County.

20. Despite the fact that the Salem County prosecutor handling

the matter against Defendant Barbetta was supposedly independent, Defendant Dalton interfered with the prosecution making directions to that prosecutor by involving Defendant Barbetta and exerting inappropriate supervision over the prosecutor in that matter.

21. When Defendant Barbetta's case came to trial, on or about March 16, 2010 - in Salem County - the prosecutor therein was unprepared for the prosecution and/or refused to put on evidence against Defendant Barbetta.

22. Prior to the trial of Defendant Barbetta, the prosecutor in Salem County refused to interview witnesses with relevant information and/or to share with Plaintiff Tyson any files maintained or transmitted by Defendant Dalton, thus effectively prohibiting meaningful preparation for the trial of Defendant Barbetta.

23. On the date prior to the time of trial of Defendant Barbetta, members of the South Harrison Police Department, including Defendant Mabey, conspired to present false testimony on behalf of Defendant Barbetta, in an effort to derail Plaintiff Tyson's attempt at justice.

## COUNT I
## VIOLATION OF CIVIL RIGHTS
## PURSUANT TO 42 U.S.C.A. §1983

24. Defendants, by their actions, violated Plaintiff's rights pursuant to 42 U.S.C.A. §1983, as follows:

    A.   Violating Plaintiff, Mayor Charles Tyson's right of free expression;

    B.   Violating Plaintiff, Mayor Charles Tyson's right to petition the government for redress of grievances;

    C.   Violating Plaintiff, Mayor Charles Tyson's right to serve in a public office because he was a member of a minority;

    D.   Conspiring to violate Plaintiff, Mayor Charles Tyson's right of due process;

    E.   Violating Plaintiff, Mayor Charles Tyson's right pursuant to 42 U.S.C.A. §1981, to serve the Township of South Harrison as a mayor thereof.

**COUNT II**
**VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT**

25.  Plaintiff incorporates the allegations of the previous paragraphs as if set forth at length herein.

26.  As a result of the actions aforesaid, Defendants violated the rights of Plaintiff, Charles Tyson, under the New Jersey State Constitution.

**COUNT III**
**LAW AGAINST DISCRIMINATION**

27.  Plaintiff incorporates the allegations of the previous paragraphs as if set forth at length herein.

28.  The actions of the Defendants deprived Plaintiff, Charles Tyson, of his right to be treated equally and enjoy the benefits of a system of law enforcement that is color blind and otherwise race neutral.

**RELIEF**

**WHEREFORE,** Plaintiff seeks relief and judgment against the Defendants, including, but not limited to:

1. An award of compensatory damages and punitive damages against the individual Defendants, based on the intentional and malicious acts of said Defendants, which are allowed by statutes pleaded herein or as permitted by common law and rules;

2. An award of reasonable attorneys' fees and all costs of suit and interest thereon;

3. An award of damages as allowed under 42 U.S.C. §§ 1983;

4. Any other award and equitable relief allowed by statute or pursuant to the law or equitable and just power of this Court to which Plaintiff is entitled.

5. An award of injunctive relief as follows:

   A. Effectively prohibiting the South Harrison Township Police Department from engaging in the practices, customs and policies described herein.

**JURY DEMAND**

Plaintiff hereby demands trial by jury of all issues in this action.

**DESIGNATION OF TRIAL COUNSEL**

Plaintiff designates the William H. Buckman Law Firm as trial counsel in this matter.

/s/William H. Buckman
WILLIAM H. BUCKMAN

DATED: July 19, 2010